Good morning. May it please the court. My name is Alexis Wood and I represent the appellant Beheshta Mahboob. I would like to reserve a few minutes of my allotted time for rebuttal if that's okay. Yes. This case centers around an error present on the appellee's calling system during a select time period which caused inbound callers to not be provided with a pre-recorded warning that the call was recorded. It is undisputed that the error caused the appellant to not be provided with a pre-recorded warning. The issue presented by this appeal is whether the Southern District of California, with the Honorable Todd Robinson presiding, aired and abused its discretion when it dismissed this action by a finding which effectively reversed a previous holding of their Southern District, allowing the addition of appellant Mahboob, an issue which has not been before the court in which appellee ECMC had not requested reconsideration. Specifically, Judge ECMC's brief opposing Ms. Mahboob's renewed motion for class certification. A sentence that argued Ms. Mahboob was not properly added as a plaintiff because the Ninth Circuit's instructions were not followed on remand and because a binding case law holds that amendment may not be granted if the original class representative never had a claim. But Lierbaugh, the binding precedent reference, does not apply to the procedure posture presented in this case and instead James v. Safeguard Properties LLC applies, a decision rendered after Lierbaugh in which more closely follows the posture here. Can you stop for a second? Just what is your reason for saying that Lierbaugh doesn't apply here? What's the factual distinction in your view? The factual distinction is that at the time that the case was dismissed, there were two plaintiffs. Lierbaugh only had one plaintiff and that was the reason for the dismissal. But the problem I see, and you know, James is a MemDisc, so put that aside for a second, is that the order of the court the first time, I think, was pretty explicit. It said go back and have a hearing and if Mr. Reyes heard the warning, he should be dismissed. The case should be dismissed. And then it was Lierbaugh. And Lierbaugh seems to be, in my sense, in the exact same procedural posture. The only difference is that the district judge in this case, after the Ninth Circuit decision, granted the filing of an amended complaint, but that I think he realized he shouldn't have. So tell me why the facts are different here than they were in Lierbaugh. Well, I think that is the fact that's different is in Lierbaugh there was not an amended complaint where the judge... Well, but at the time the complaint, at the time the Ninth Circuit addressed Lierbaugh, there was only one plaintiff, correct? Correct. And it said that plaintiff, the Montana Supreme Court's now told us that plaintiff doesn't have a claim, and so his claim must be dismissed. And then the court went into a fairly extensive discussion about what happens next and said, although we recognize it's formalistic, we think you got to dismiss the complaint. You can't add somebody new at this point. And so it seems to me it's exactly like your case, unless I'm missing something. So I'm trying to figure out what I'm missing. I guess the difference is that in Lierbaugh there was not an amended complaint, and there was not the addition of a new plaintiff. Okay, fair enough. But in Lierbaugh the Ninth Circuit said don't let them amend the complaint. You shouldn't allow them to add an additional plaintiff to solve this problem. And we said the same thing in the MemDisp in this case, more or less, because we said it should be dismissed, citing Lierbaugh. The district judge nonetheless allowed an amended complaint, but apparently he realized his error. So aren't we in the same place that Lierbaugh was? I guess not. In Lierbaugh, the request to add a plaintiff, if there was a request, which there kind of was after the dismissal at trial, was after there was adjudication regarding standing. And so they found no standing, and then there was a request. Here, Ms. Mahboob was added before any hearing regarding, I guess, hearing the prior to any order on Mr. Reyes's case. Well, she moved prior to be added, but the district court didn't grant the motion to add her, as I understand it, unless I have the sequence wrong, until after the Ninth Circuit decision. Am I right about that? That's right. The motion was pending. Yes. During the mandate of the court was, while that motion was pending, was hold a hearing, find out if Reyes has standing, and if he doesn't, dismiss the case. Isn't that what the Ninth Circuit mandate said? Right. The Ninth Circuit mandate said there needs to be a credibility determination regarding Mr. Reyes, and if that's correct. But that's not what the district court did, right? Right. And what the district court said to that regard was that there was nothing in the mandate regarding the addition of another plaintiff. So, in that sense, there was no violation of the mandate by issuing an order on the First Amendment complaint prior to an evidentiary hearing regarding Mr. Reyes's credibility, because that motion had been pending for quite some time, even before a request for an appeal. Um, so the order prior to even the appeal was that Mr. Reyes had to go in 14 days after a ruling on the appeal and move to amend again if he so wanted. So that was the prior holding of the court. Miss Miss Mahoub has an action pending in the central district, right? That's correct. Involving this same subject matter. That's correct. So she's individually not prejudiced by the ruling below, except for the fact of having to redo discovery, which has been going on for quite some time, right? I assume you can use the old discovery. I guess my question is really, this is really about this appeal is really about whether or not a class action can be pursued, right? Because it is. But there is. Sure, there is also argument by the defendant that Miss Mahoub should not even be allowed to assert her individual claims. But that's not in front of us. That's not in front of us. That's in front of the district judge in in her case. So but what I'm saying is she's still prejudiced as to her individual claims because there's still that order. There has been no order from the central judges regarding whether she's even able to assert her individual claims due to what they're saying is the mandate. So it's not really clear cut whether Miss Mahoub will have a case in the central district. That case is currently state as well. You've anticipated my question, which was, are there statute of limitations issues in Miss Mahoub's case? Of course, of course. Their SIPA has a one year statute. So when the and I don't I don't want to get into the Utah. I don't want to get. I just wanted to know whether whether or not she had a free shot. Yeah. And the district court. So this was Judge Robinson who were appealing to order from because the judge had changed. It was Judge Bashant who was originally on the matter and made all the initial holdings on class certification and then added in Miss Mahoub. Um, and then after Miss Mahoub was added in, the judge changed to Judge Robinson. Um, so it's not the same judge, I guess, just to clarify that issue that then decided that he was wrong or whatnot. Um, it was a different judge. So the judge that Robinson in his order did say he understood that this would likely cause problems even individually for Miss Mahoub due to the statute of limitations. Um, and took into account the presidential that it would be perhaps prejudicial to Miss Mahoub even individually this order. However, no, dismiss the case in any in any means. So what we're saying here is that the court should follow James because of how the posture stands. It simply stands as it is where Miss Mahoub was added. Miss Mahoub had requests to be added in the midst of, um, the class certification briefing before there was anyone contesting Article three standing at summary judgment. Article three standing was not contested. We moved to certify a class. The defendant or E. C. M. C. Opposed. There was no contesting of Article three standing. There was argument regarding consent and whole time and whole time. Evans was put forth by E. C. M. C. As a defense. And Mr Reyes moved at that time to add in Miss Mahoub. And that request was granted by the magistrate judge. And then it was moved to later when we when later it was to the district judge to actually amend that complaint due to the appeal of the classification order. Can you help me? Can you help me out on your James argument? I've been trying to reread James as you as I read, it says is that the summary judgment order didn't apply to absent class members because it was entered before before they received notice of the class action. Why does James affect the ability? So the why does James affect this case? Sure. James James does deal with Lear bow. It specifically mentions North star, which then goes, um, which was then Lear bow discusses. And James is important because, like here, the James is were added as plaintiffs prior to to, you know, any holding or discovery that but they were added. They were added in the district court before the case came up to the Court of Appeals, right? They were. They weren't. Yeah. Heels on the Lear bow issue on the standing issue, just like here. But no, let me let me listen to the question because I'm not sure. Maybe I'm missing something there. James was the first appeal in that case, correct? That's correct. Before that appeal, there's where there was more than one plaintiff. The other plaintiff was added to the case before the appeal. So when the appeal arrived in the Ninth Circuit, there was somebody who might not have a claim and somebody who might have a claim, right? Which is the same situation we're at here. Just because there was a previous appeal doesn't change that issue. Right now, we're appealing exactly what was appealed in James, which was the dismissal of the case based on a lack of standing. That's where we are. And we're saying that we're like James or James is akin to this case, because when there was a order of as to a lack of standing and as to dismissal, there were two plaintiffs here. When there was an order as to lack of standing, there were two plaintiffs. Ms. Mahboob was already added as a plaintiff in the case. So when we were at our first appeal, that really has nothing to do with James. Yeah, I guess the question in my mind, and now I understand your position, is that the question really before us is whether Ms. Mahboob was added in contravention of the mandate. And in James, the party was added before there was any mandate from the what to do or what not to do. But I understand your point. Thank you. Yes, and I think that is exactly right. It's whether really, I guess the judge had authority to go and dismiss the case when that wasn't really the issue at the class certification stage. In fact, ECMC did petition for a written mandamus arguing that the judge abused her discretion in allowing Ms. Mahboob to receive and violate the mandate, but that petition was denied. So the case proceeded. And then there was no motion for reconsideration, or I guess they could have appealed at this point, as to the first amendment complaint being granted. So as standing, the first amendment complaint is still on the record as being the operative complaint in this case. So there is two plaintiffs. There was two plaintiffs at the time of the evidentiary hearing regarding Mr. Reyes. At the time, it was decided that he did not hear the warning for the purpose of adequacy as being a class representative. And there were certainly two plaintiffs at the time that Ms. Mahboob moved for class certification. And then the case was subsequently dismissed, despite her having a viable claim. Obviously, I think that just going back to Lerbeau, there's kind of two issues. What authority do you have for Judge Robinson not having the power to reconsider the prior order of sua sponte, if he believed that the prior order was in violation of the mandate of the Ninth Circuit? Your Honor, I think we cite in our brief that it's just not, I guess, normally the order of a judge walking into the seat of another judge to go back into an order and then to then reverse the order of that sitting judge. I know that case is cited in our brief. Unfortunately, I just don't have it up right now. But that is where we're standing now, is that Judge Beauchamp is the one that sat for the evidentiary hearing, was here from the very beginning when we tried to move to amend and add in Ms. Mahboob and the first amendment complaint. And then Judge Robinson later, at the end of the case, went back and effectively reversed that without really reversing it, because there's really no order reversing the motion to amend and saying that actually that's denied, or there's no order taking the first amendment complaint off the hearing. It appears that the first amendment complaint is still the operative complaint. So that's where we stand. And if I may reserve some time, it appears I maybe only have 30 seconds. Yeah, you're over your time, but we'll give you a couple minutes for rebuttal. Thank you. Let's hear from counsel for the defendant. Good morning. May it please the Court, my name is David Kaminsky, and I am counsel for Apelli Educational Credit Management Corporation, or ECMC for short. I think the panel has it right here that the Lierbaugh decision controls Judge... I don't think anyone's decided anything yet, so I think you're being a little presumptuous there. Let me just focus in on the issue as to whether Judge Bichonte violated the mandate of this court. Unfortunately, we don't have our former colleagues, you know, our colleagues here to tell us what exactly they were thinking. But, you know, Judge Bichonte looks at the mem dispo and says, it doesn't say anything in here about the order in which I'm supposed to whether I'm supposed to take the pending motion to amend the complaint first or to hold the evidentiary hearing first. I'm free to do either one. If she was right to proceed first on the motion to amend the complaint, I gather that you would concede that you lose in that scenario. Am I right about that? I wouldn't concede that. Okay, why not? Why would Lierbaugh control in that scenario if Maboub had already been added to the case before it was ever determined that Reyes lacked a jurisdiction as a matter of law? If Mr. Reyes never heard the claim, then there's no subject matter jurisdiction, there's no standing, and then the case should be dismissed. Even before it's adjudicated? I can't find any case that supports that. So I file a complaint and you answer and say, and, you know, it's really not a standing issue. It's really not. I understand we call it standing, but it's really he doesn't have a claim under the statute. And you say you move to And I look at your motion and I say, boy, you're right. I'll substitute a different client before the motion is heard. Under that circumstance, is it your position the district court can't hear the motion to add the second person? Well, I believe the decision from Morongo says that if there was no subject matter jurisdiction from the outset of the claim, then there was never a claim that the... But those are cases in which the subject matter jurisdiction was adjudicated before a second person was added. Do you have a case where there are two people, one with... The original person didn't have subject matter jurisdiction, the second person was added before any adjudication about that, and the court dismissed the second person's claim? There's only... In very few circumstances can jurisdiction or standing be cured. That's not what I'm asking. I'm asking do you have any case that under the case, somebody files a complaint, another person is added? The first person, there wasn't subject matter jurisdiction. Say there's a motion to add the second person. If there's no subject matter jurisdiction as to the first person, the court is without power to add a second person? Well, I think what we're dealing here, Your Honor, is that we have a judge with the power and the discretion... No, I understand that, and you may well prevail. I'm really looking for a case law that... See, I read Lerbo as saying, and Lerbo may win the day for you, that's a separate issue. And Lerbo is saying, once we've ruled that there was no standing in this case and said the case should be dismissed, you can't fix it by adding somebody else. Right or wrong? I mean, the First Circuit says we're wrong, but I'll follow Lerbo. That's maybe the facts of your case, but now you're telling me that if all this had occurred before the appellate court had ruled, if the district judge had granted Ms. Behoove's motion to join before the appeal was disposed of, we should have thrown out the case anyway. Now, I'm not sure why you're arguing that, but since you are, I'm trying to figure out what case you have that supports it. And the case that I was using to support that, Your Honor, was the Morongo Band case. Because Morongo said if there was never subject matter jurisdiction at the outset of a case, then it can't be cured, and a district court is basically powerless then to make any other ruling. But you don't have a case in which that factual situation was. Not that specific factual. Okay, so that leads, I think Judge Watford's question leads me to the next one. The district court in this case granted the motion to amend before the mandate of this court was approved. It granted the motion to amend sometime in the week before. Does that make a difference? I think it does. First of all, the motion to the amend was not pending at the time that the Ninth Circuit issued its ruling. No, I understand, but it was refiled, and the judge granted it before the mandate of this court issued. So what's the relevance of that, if anything? Well, I think that a mandate is a mandate. It's a Ninth Circuit mandate. It instructs the court. The court had not yet received the mandate of this court. And so the question is, was the court required to act in accordance with the mandate before it received it? The court was required to act pursuant to the mandate, because the mandate gave a specific instruction. The mandate said exactly what the district court had to do. We have a district judge with us, and maybe I'm taking something for granted, but most district judges I know don't follow the Ninth Circuit mem disps religiously. They find out when the mandate... I'm gonna say helpful. When the mandate issues from the court, and it goes back to their court and says, we've decided the case, and here's what you must do. And in this case, the district judge hadn't yet been so informed. And I don't know whether that makes any difference. I'm asking you whether it does. I don't believe it makes any difference. And I believe that here, the mandate was issued by the Ninth Circuit. The mandate had plain and unequivocal language. The US versus Beltran says, this is what the mandate says. When there is a mandate, the district court is required to engage in execution, not variance, not examination. And that's exactly what happened here. The district judge instead started examining and decided, I'm gonna put that mandate aside, and I'm going to conduct a hearing on a motion to amend. But the mandate said... But you see that the problem is the district judge didn't do that. The district judge didn't put the mandate aside because the mandate had not yet been issued when he granted... My problem with your argument is not even that. It's that the mandate doesn't speak to the order in which proceedings were to occur on remand. So there was this pending motion to amend. Our decision didn't say, ignore that and proceed immediately to hold the evidentiary hearing as to Reyes. It was just silent. So I don't see why the district court judge wasn't within her discretion to say, well, I'm gonna do this other thing first. But the mandate referred to the LIRBO and NEI decisions, and it says, if you determine pursuant to the mandate that there is no standing, that there's no subject matter jurisdiction, you must dismiss, you must not do anything else... On the assumption that Reyes was still the only named plaintiff, but by the point... By the time that the judge held the hearing, that wasn't true. Right. But the judge, in our opinion, had no authority to do anything but to follow that mandate. Let's assume that the district judge did have the discretion to alter the process and consider the amended complaint issue first. Is there any authority that would prohibit before judgment, final district judge, whether it's the same district judge or a newly assigned district judge, to reconsider that decision and decide that it would be more appropriate... That the more appropriate follow up on the mandate would be to consider the standing issue first, and if it's decided adversely to the first plaintiff, that the case should be dismissed. Any restriction on Judge Robinson's ability to make that determination? No. Basically, pursuant to the Fairbank decision, pursuant to the Castner decision, pursuant to the City of Los Angeles versus Santa Monica Baykeeper case, he had that authority to do as long as his decision was based on a cogent reason, a logical reason, a clear reason. That mandate gave specific instructions. The mandate said, make a determination of what Mr. Reyes had standing. If Mr. Reyes did not have standing, then there's no jurisdiction and the case must be dismissed, and no substitute plaintiff should be added to the case. And the mandate cites to Ninth Circuit Controlling President, Learbow, NEI. So let me sort of work this through. Learbow has an extended discussion of why the appropriate thing to do is not send it back to the district court to add a new plaintiff. And I must say, I think it's wrong, but it's Ninth Circuit President, so we'll follow it. What are we to do with the efforts beforehand of Ms. Mahoub to join the action? In other words, all Learbow says is, when we send it back, we don't want you to fix this problem by adding a new plaintiff. But they tried to fix the problem before it got up to us. The judge stayed it, then took it up again, and for my purposes, I'm really not concerned what day the mandate arrived. The Ninth Circuit decided the case beforehand, so he should have followed whatever we told him to do after we decided it. But they tried beforehand to solve the problem, and for some reason, they never brought this to the attention of the Ninth Circuit panel, or at least it wasn't adjudicated. Does that make the case different? I don't believe so, Your Honors. It's interesting that the Ninth Circuit panel from July 2019 was well aware of Mahoub's intent to join the case. They had the motion to amend from the record before it. They questioned Ms. Mahoub's counsel extensively about that issue and even noted that you don't need this case, right? You have another case pending that is concurrent in the Central District of California. So in light of the fact that they knew that there was a motion to amend and Ms. Mahoub's intent to join the case, they still issued their decision. They still issued the mandate with its specific language. We should go back, make a determination if Mr. Reyes heard the warning. If he did not, he is not an appropriate class representative. And they specifically cited the decisions in LIRBO and NEI, indicating that if there is no case, there's no standing, there is no subject matter jurisdiction. I guess your response to Judge Watford's inquiry that they didn't address it is that you think they addressed it by citing LIRBO and NEI? Yes, Your Honor. Can I ask you, do you read LIRBO as turning on the fact that the dismissal of the original name plaintiff's claim was for lack of having a valid claim, just for any reason? I think if LIRBO stands for the proposition that if the lead class representative never had a claim, never had a viable claim from the beginning, then there is no standing, then there is no subject matter jurisdiction. But that's, you're blending two things together that seem to me are not properly blended together. I don't really view what happened to Reyes' claim as a dismissal for lack of standing. I think as Judge Hurwitz alluded to earlier, he just didn't have a good claim under the statute. And that's why his claim was properly dismissed. You can try to cast it, I guess, as somehow he lacked Article III standing because he suffered no injury. But it doesn't seem to me that's the proper way to frame it. And I'm just asking, is that critical or does it not matter? I don't think it matters, but I think that Spokane v. Robbins indicates that if he never had a claim, never had a viable claim from inception, then he had no standing. Is the, are the deficiencies with Mr. Reyes' claim distinguishable from the deficiencies from Lerbeau's claim? It's one issue that I looked at and I really couldn't find. In other words, in Lerbeau, the Montana Supreme Court looked at it and said, this guy doesn't have a claim under this statute. Didn't say, you know, it's frivolous or nothing, you know. And then in this case, the same thing happened, I think. The Board of Appeals, we said, if he hasn't heard the warning, he doesn't have a claim under this statute. If he heard the warning, he doesn't have a claim under this statute. I agree with Judge Watford. It's a strange thing to call that standing. And that's why I'm not sure it's jurisdictional in nature. But the cases seem to describe it as such. And that's why I'm, that's why I'm a little confused here. And Lerbeau also relies on the Seventh Circuit decision in Foster v. Center Township. Foster v. Township said if the lead class representative did not have a claim, then they don't have standing. Then the class certification... Yeah, the class certification is a separate issue. I understand that he's then not an appropriate class rep. I'm focusing on his claim. And I don't want to go all pro-professor on you, but, you know, if you file a motion to dismiss because the other guy has no claim under the statute, you get a judgment with prejudice. You don't get a judgment that we lack... The 12b-1 or 12b-6? It's a 12b-6. It's not a 12b-1. So I'm just, this is my way of saying I'm stuck with whatever the cases say, but I'm not entirely convinced this is a jurisdictional issue. And I believe this case is as simple as Judge Robinson had the discretion to review all of the orders in the case. He is going to be the judge who's going to be issuing final judgment in this case, and the legal sufficiency of every one of those orders is going to be tested under his jurisdiction. So he went back and he looked at the mandate. He read the specific language of the mandate, specific instruction from the Ninth Circuit, and his understanding was that when the Ninth Circuit hands down a specific there must be execution, nothing else. You don't go right, you don't go left. There's no examination, there's no variance, and that's what he did. He looked at the controlling authority cited therein, LIRBO, and NEI, that's controlling authority. It has been also approved again by the Bahama Surgery Center v. Kimberly case in 2020, and therefore he said he had no choice, but he had to fulfill the mandate. There was already a determination, a factual determination that Mr. Reyes had no claim because he heard no warning. He had no claim under the Kearney Supreme Court of California decision. Once he had no claim, therefore, at least according to LIRBO and NEI, he had no standing, and therefore that case had to be dismissed. Great. Thank you very much for your time. Thank you very much. Let's put two minutes on the clock for rebuttal, please. Thank you. Thank you. Okay, please proceed. Thank you. If I may just quickly go back to the previous question regarding Judge Robinson's reversal of the prior sitting judge. I do have a case. I found it in the brief. It is Fairbank v. Wunderman Cato Johnson. It's 212 F.3d 528 at 530. It's a Ninth Circuit case, and it says, one judge should not overrule the prior decision of another sitting in the same case because of principles of conformity and uniformity, which preserve the orderly function of the judicial process. I also quote another case, and it is in the reply on page seven, so I just wanted to address that real quick. I also wanted to address just standing generally because I do believe these points were made in the first appeal, and there was questioning towards ECMC whether the case be dismissed with prejudice or without prejudice because it was dismissed with prejudice. It wouldn't be a matter of Article 3 standing. It would be a matter of class standing or statutory standing, and ECMC was asking for the case to be dismissed with prejudice. So I think that is the difference here is that we're talking about standing as to being an adequate class representative in a dismissal as ECMC was requesting with prejudice, which it later was. If it was jurisdictional standing or, I'm sorry, constitutional standing, it would have been dismissed without prejudice, most likely in the beginning of the case, and I think the difference between our case in, say, Lierba where there was a not viable stacking claim, which was determined later, was that as written in the pleading. If you look at the pleading, the theory of the case, there was no claim, but if you go back to the original pleading in Mr. Reyes, it wasn't that there was no claim. If Mr. Reyes was able to prove his theory of the case, which would have been, well, I'm sorry, on these 20 lines where you made an error, the lines didn't work, then if that theory was proven, he would have had a case. So there was always never a standing issue, and I also just wanted to mention North Star as an important case which discusses Marengo, and because Ms. Mabu was added after the case was filed, that that does also supersede a Lierba claim or even a Marengo claim, and I did want to throw in there one last case, which is Facebook Privacy Litigation, 192 Federal Supplement 3D, 1053 at 1063, which talks about not being able to rectify actively dismissed due to a lack of standing, and I think that's what happened here. Okay. Thank you. Thank you. Thank both counsel for your arguments today. The case just argued is submitted. Thank you very much. Thank you. We'll move to the next case on the calendar.
judges: WATFORD, HURWITZ, Vitaliano